# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ELAINE SANCHEZ, <br><br> Defendant. <br> _____ / | CASE NO. 1:11-cv-01485-AWI-SKO <br><br> **ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS** <br><br> (Docket No. 17) <br><br> **ORDER RESETTING HEARING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT TO MAY 23, 2012** <br><br> **ORDER GRANTING DEFENDANT LEAVE TO FILE A MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT** |

## I. INTRODUCTION

On September 2, 2011, Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC (collectively "Plaintiffs") filed a complaint against Defendant Elaine Sanchez ("Defendant"). (Doc. 1.) No response to the complaint was filed, and Defendant's default was entered by the Clerk of the Court on December 29, 2011. (Doc. 12.)

On February 8, 2012, Plaintiffs filed a motion for default judgment against Defendant and set the motion to be heard on March 19, 2012, before Chief District Judge Anthony W. Ishii. (Doc.

14.) Plaintiffs' motion and notice of motion were served on Defendant at 1824 E. Gerald Avenue, Dinuba, California, 93618.

On February 9, 2012, the Court reset the motion to be heard before Magistrate Judge Sheila K. Oberto on April 4, 2012. (Doc. 15.) No opposition to the motion was filed. On March 27, 2012, the Court issued Findings and Recommendations that Plaintiffs' motion be granted, and the Court vacated the April 4, 2012, hearing.

On April 4, 2012, Defendant filed objections to the March 27, 2012, Findings and Recommendations. (Doc. 18.)

## II.  DISCUSSION

Pursuant to the Local Rules for the United States District Court for the Eastern District of California, any opposition to a civil motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date . . . No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule ("L.R.") 230(c).[1]

Here, although Defendant was served with Plaintiffs' motion for default judgment (*see* Doc. 14-7), she did not file any opposition to the motion. However, because Defendant has now made an appearance in the action and has indicated her desire to defend the suit, the interests of justice require that the March 27, 2012, Findings and Recommendations be withdrawn and Defendant be permitted additional time to file a motion to set aside the Clerk's entry of default or otherwise oppose the amount or nature of the damages sought by Plaintiffs in the motion for default judgment.

The Court therefore construes Defendant's objections to the March 27, 2012, Findings and Recommendations as a request for leave to file a motion to set aside the entry of default against her and defend the suit on the merits. To seek the ability to present a defense to the merits of Plaintiffs' lawsuit, **on or before April 20, 2012**, Defendant **must** file with the Court a document entitled

---

[1] The Court's Local Rules may be accessed on the internet at the following URL address: http://www.caed.uscourts.gov/caed/staticOther/page_459.htm.

"Motion to Set Aside the Clerk's Entry of Default."[2] In this motion, Defendant should set out an explanation as to all three of the following factors:

1. Why Defendant failed to file with the Court a written response to Plaintiffs' complaint and why Defendant failed to file any written opposition to Plaintiffs' motion for default judgment;

2. Why Defendant feels she is not responsible for the actions Plaintiffs allege against her in their complaint;[3] and

3. Why it would not be unfair to Plaintiffs if Defendant were allowed to participate in the lawsuit now despite Defendant's failure to timely respond to Plaintiffs' complaint or Plaintiffs' motion for default judgment.[4]

In the event that Defendant files this motion, the Court will set a date for a hearing to be held on the motion and will notify the parties of the date and time for the hearing. Plaintiffs will be entitled to oppose the motion, and Defendant will be permitted to file a document that responds to any opposition filed by Plaintiffs. In setting a hearing date, the Court will supply the parties with deadlines for filing any brief in opposition to Defendant's motion or a reply.

**In the event Defendant files a Motion to Set Aside the Clerk's Entry of Default, the Court retains the right to take the motion under submission and vacate the hearing on the motion pursuant to Local Rule 230(g). The Court will provide the parties advance notice if the hearing on Defendant's motion is vacated and the parties are not required to appear.**

---

[2] Plaintiff may file such a motion by mailing the document to the United States District Court for the Eastern District of California, The Clerk of the Court, 2500 Tulare Street, United States Courthouse, Fresno, California 93721.

[3] The legal standard requires that Defendant assert a "meritorious" defense. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* (*"Mesle"*), 615 F.3d 1085, 1094 (9th Cir. 2010) (citing *TCI Group Life Ins. Plan v. Knoebber* (*"TCI Group"*), 244 F.3d 691, 700 (9th Cir. 2001)).

[4] "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, the court must consider the following three factors: (1) whether the party seeking default engaged in culpable conduct that led to the default; (2) whether the party seeking default has no meritorious defense; or (3) whether reopening the default would prejudice the other party. .. . *Mesle*, 615 F.3d at 1091 (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)).

If Defendant fails to file a Motion to Set Aside the Clerk's Entry of Default, Defendant will have until May 9, 2012, to file a written opposition to Plaintiffs' motion for default judgment in which she may oppose <u>only</u> the nature or amount of the damages sought.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's March 27, 2012, Findings and Recommendations are WITHDRAWN;

2. **On or before April 20, 2012**, Defendant may file a "Motion to Set Aside the Clerk's Entry of Default," if Defendant wishes to defend against Plaintiffs' lawsuit on the merits;

3. The hearing on Plaintiffs' pending motion for default judgment is RESET to May 23, 2012, at 9:30 a.m. in Courtroom 7;

4. Should Defendant fail to file a Motion to Set Aside the Clerk's Entry of Default, **Defendant may nonetheless file <u>a written opposition</u> to Plaintiffs' motion for default judgment <u>on or before May 9, 2012,</u> opposing the nature or the amount of the damages only**;

5. The Clerk of Court shall serve this order on Defendant Elaine Sanchez at 1824 E. Gerald Avenue, Dinuba, California, 93618; and

6. The Clerk of Court is directed to update the electronic docket to reflect Defendant Elaine Sanchez' address and telephone number provided by Defendant in Docket Number 18.

IT IS SO ORDERED.

**Dated: April 6, 2012**     /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE

4